**CSI/COMMUNICATION SYSTEMS, INC.**

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY and American Telephone and Telegraph Company.**

Civ. A. No. 7276.

United States District Court,
E. D. Tennessee, N. D.

July 8, 1971.

Peter L. Niles, Knoxville, Tenn., for plaintiff.

J. W. Mills, Frantz, McConnell & Seymour, Knoxville, Tenn., for defendant.

## OPINION AS RENDERED FROM THE BENCH

ROBERT L. TAYLOR, District Judge.

Plaintiff, CSI/Communication Systems, Inc., seeks damages and an injunction against the defendants enjoining them from interfering, harassing, or preventing the distribution of a conference call device distributed by the plaintiff, and that the defendants be further enjoined from threatening and intimidating any customer or prospective customer of plaintiff by removal of such customer's telephone service. Jurisdiction is alleged under the provisions of Title 15 U.S.C. Section 1 et seq.

The record shows that defendants are public utilities engaged in public telephone business and are regulated by the Public Service Commission of the State of Tennessee and the Federal Communications Commission of Washington, D. C.

The specific wrongs complained of are set forth in the pre-trial order filed June 29, 1971, and are as follows:

Plaintiff contends that the defendants have discriminated against it primarily in forcing upon plaintiff:

(a) An interconnecting device which is technically, or from an engineering standpoint, not needed or required, and

(b) that they have discriminated as to rates should such an interconnecting device be needed or required, and

(c) further, should such connecting device be required or needed, defendants

have failed to furnish, maintain and supply said device as they are required to do under the terms of tariffs filed with the Tennessee Public Service Commission.

Plaintiff further claims that defendant is engaged in a course of action intended to intimidate plaintiff's customers and have directly and indirectly restrained trade and engaged in the practice of unfair competition and that the impact of the foregoing activities has been a violation of the antitrust laws of the United States.

Defendants contend that plaintiff is selling or leasing a device called Confra Call, which is designed to be electrically connected to the defendants' network telephones by means of a direct electrical connection without the use of an interconnecting arrangement which is provided by the defendants and required by their tariffs. Defendants claim that the use of this device and the manner attempted by the plaintiff is contrary to the tariff of defendants, South Central Bell Telephone Company, filed with and approved by the Tennessee Public Service Commission and also tariffs filed by the defendants with the Federal Communications Commission. Defendants say that it is their duty to enforce the tariffs without discrimination.

The sole issue as set forth in the pretrial order is: Can defendants by their enforcement of a valid tariff be guilty of violation of Section 1 of the Sherman Act or Section 3 of the Clayton Act?

Defendants have filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure requesting the Court to dismiss the action against them on the ground that there is no genuine issue as to any material fact in the case and that the defendants as a matter of law are entitled to a judgment in their favor. The motion is supported by the affidavits of Robert Brunson, Jr. and William D. Fray, Jr.

In the ordinary case, a public utility which is subject to regulation by the Public Service Commission in Nashville, Tennessee and the Federal Communications Commission is not subject to the antitrust laws. The complaint in this case uses classical antitrust language, but to that extent it is not out of the ordinary. The relief sought by the plaintiff or the remedy to which plaintiff is entitled, if any, can be granted by either the Public Service Commission of Tennessee or the Federal Communications Commission.

In the opinion of the Court, primary jurisdiction of the matters complained of lies with the Public Service Commission of Tennessee or the Federal Communications Commission. Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L. Ed. 315 (1943); Carter v. American Telephone and Telegraph Company, 365 F.2d 486 (C.A.5, 1966); Woods Exploration and Producing Company v. Aluminum Co. of America, 438 F.2d 1286 (C. A.5, 1971).

Accordingly, it is the judgment of the Court that the case be transferred either to the Public Service Commission of Tennessee at Nashville or the Federal Communications Commission in Washington, or both, for consideration. The case will be retired from the docket in this Court pending the outcome of the controversy by the administrative agencies to which the Court has hitherto referred.